FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2012 FEB 27  AM 10: 04

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

| | |
|---|---|
| JOSEPH J. ZAJAC III )<br>    Petitioner ) | ) Docket No. _____ |
| vs. ) | ) 2:12-MC-8-FTM-29DNF |
| UNITED STATES )<br>    Respondent ) | ) |

----------------------------------------------------------------

## PETITION TO QUASH THIRD PARTY SUMMONSES

Petitioner, Joseph J. Zajac III, pro se, requests this Court to quash the attached IRS Summonses (Exhibits "A," "B" & "C") and hereby states reasons as follows:

1.    This Court has jurisdiction as Petitioner resides in Ft. Myers, Florida with summons being delivered upon his Ft. Myers residence, per 26 U.S.C. §7604(a)(b) (Enforcement of Summons), 26 U.S.C. §7609(h)(1), 28 U.S.C. 1331 (Federal Question), and 28 USC 1346 (United States is a defendant/respondent).

2.    Plaintiff respectfully requests this Court to give required latitude to this pleading as appropriate for a Pro-Se litigant. (Haines V. Kerner, 92 S.Ct. 594; Jenkins V. Mckeithen, 395 US 411, 421 (1969); Picking v. Pennsylvania Railway (151 F2d. 240) Third Circuit Court of Appeals; Walter Process Equipment v. Food Machinery 382 U.S. 172 (1965); Conley v. Gibson, 355 U.S. 41 (1957); and Puckett v. Cox 456 F2d 233 (1972 Sixth Circuit USCA)).

> "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998)).

**Background**

3. Since December 2010, one (1) summons was served on the Petitioner and eleven (11) summonses served by IRS agent John Clark to third parties requesting Petitioner's records. Three of the eleven were recently re-issued on February 14, 2012 and subject to this petition to quash.

4. One (1) summons was served upon the Petitioner on December 3, 2010. There are eight (8) summonses served by agent Clark to third parties requesting Petitioner's records: two (2) uncontested served on January 18, 2011 to Comcast (internet services provider) and Lee County Cooperative (an electrical utility not used by Petitioner); four contested (4) served February 3, 2011 to Charles Schwab, RBS Card Service, Bank of America (2); one (1) uncontested served on March 28, 2011 to FIA Card Services; and one (1) contested summons served on October 28, 2011, to Bank of America.

5. <u>Agent Clark has not sought to enforce any contested summonses and has not acted upon any information he obtained from uncontested summonses.</u>

6. <u>Previous summonses to these third parties where QUASHED by this Court (see case 2:11-cv-469-FtM-29SPC) on January 3, 2012, and again on February 13, 2012.</u>

7. <u>On February 14, 2012, one day after this Court issued a second Order that QUASHED all summonses, agent Clark re-issued new three (3) new summonses to the same parties: Bank of America; FIA Card Services; and Charles Schwab.</u>

8. On February 20, 2012, Petitioner received copies of three (3) summons issued by IRS auditor Clark dated February 14, 2012, to third parties covering tax years 2007, 2008, 2009 and "through date of compliance with this summons..." Years 2010, 2011,

and 2012, are outside the scope of the audit years in the summonses yet agent Clark seeks records for those years.

9.   All summonses (Exhibits "A," "B" & "C") lack specificity, reasonable cause, clearly are harassment and a fishing expedition by agent Clark as evidenced by stating "or" multiple times:

> You are hereby summoned and required to appear before John Clark, Internal Revenue Agent, badge no. 1139002 and/or designee an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability <u>or</u> the collection of the tax liability <u>or</u> for the purpose of inquiring into any offense connected with the administration <u>or</u> enforcement of the internal revenue laws concerning the person identified above for the periods shown.

10.   Agent Clark knowingly and willfully violated Petitioner's privacy rights under Federal laws, IRS policy and privacy laws of four (4) states (CA, AZ, NY & FL), by disclosing Petitioner's social security number to third parties without Petitioner's consent.  (redacted in exhibits by Petitioner)

11.   Agent Clark could have simply provided Petitioner's name, address and last four digits of the Petitioner's social security number to obtain the same results.

12.   Two primary federal laws, the Privacy Act of 1974 and the E-Government Act of 2002, give Federal agencies responsibilities for protecting Personally Identifiable Information, including ensuring its security.  In addition, the Federal Information Security Management Act of 2002 requires agencies (including the IRS) to develop, document, and implement agency-wide programs to provide security for their information and information systems (which include Personally Identifiable Information and the systems on which it resides).

13.     The Office of Management and Budget (OMB) issued numerous memoranda to Federal agencies. On May 22, 2007, the OMB issued Memorandum 07-16 (M-07-16), "Safeguarding Against and Responding to the Breach of Personally Identifiable Information," to the heads of executive departments and agencies requiring that:

    a. "Within 120 days from the date of this memo, agencies must establish a plan in which the agency will eliminate the unnecessary collection and use of social security numbers within eighteen months."

14.     Memorandum 07-16 (M-07-16) requires agencies to review and reduce the volume of Personally Identifiable Information to the minimum necessary and reduce the use of Social Security Numbers. This memorandum emphasizes the need for proper privacy and security safeguards to protect Personally Identifiable Information in both electronic and paper-based formats.

15.     In response to OMB M-07-16, the IRS developed and is implementing its Social Security Number Elimination and Reduction (SSN ER) Plan which agent Clark deliberately and willfully ignored.

16.     On December 8, 2010, the U.S. House of Representatives approved the Social Security Number Protection Act of 2010 (S. 3789), which is aimed at reducing identity theft by limiting access to Social Security numbers.

17.     By disclosing the Petitioner's social security number, agent Clark deliberately violated California's Constitution, Article 1, section 1, which gives each citizen an "inalienable right" to pursue and obtain "privacy."

18.     By disclosing the Petitioner's social security number, agent Clark deliberately violated California's Security of Personal Information - Civil Code section 1798.81.5

requiring businesses to use safeguards to ensure the security of personal information (defined as name plus SSN, driver's license/state ID, financial account number).

19. By disclosing the Petitioner's social security number, agent Clark deliberately violated Arizona's A.R.S. § 44-1373. It is illegal in Arizona to do any of the following:

   a. Communicate an individual's social security number and make it available to the general public.

   b. Print an individual's social security number or any sequence of more than five numbers that are reasonably identifiable as being part of an individual's social security number on any card required for the individual to receive products or services.

   c. Print an individual's social security number or any sequence of more than five numbers that are reasonably identifiable as being part of an individual's social security number on any materials that are mailed to the individual.

20. By disclosing the Petitioner's social security number, agent Clark deliberately violated FL Laws 2007, c. 2007-251, 119.071§ 1 (5)(a)1.a :

   "The Legislature acknowledges that the social security number was never intended to be used for business purposes but was intended to be used solely for the administration of the federal Social Security System."

21. Summons served on Bank of America, Fort Lauderdale, is on a closed office, and was forwarded to the Utica, New York, office for summonses processing. By disclosing the Petitioner's social security number, agent Clark deliberately violated NY Law §399-dd, Confidentiality of social security account number:

   2. No person, firm, partnership, association, or corporation, not including the state or its political subdivisions, shall do any of the following:

   (a) Intentionally communicate to the general public or otherwise make available to the general public in any manner an individual's social security account number.

   (b) Print an individual's social security account number on any card or tag required for the individual to access products, services or benefits provided by the person, firm, partnership, association or corporation.

(e) Print an individual's social security account number on any materials that are mailed to the individual.

22. Petitioner asserts the agent Clark is on a fishing expedition with summonses designed to harass and inflect emotional distress upon the Petitioner; and willfully exposed Petitioner's social security number to third parties where it can be used as a tool to perpetuate fraud against Petitioner; and to acquire sensitive personal, financial, medical, and familial information, the release of which could cause great financial or personal harm to the Petitioner.

**Legal Argument**

23. <u>All summonses must be quashed as these are re-filings of third party summonses including summonses that this court previously quashed on February 13, 2012, in case 2:11-cv-469-FtM-29SPC.</u>

24. <u>All summonses must be quashed as being defective for requesting information outside of the three (3) year statute of limitations for tax year 2007 (Internal Revenue Code, Section 6501).</u> Petitioner asserts that since previous summonses as those in case 2:11-cv-469-FtM-29SPC, were issued in bad faith and frivolous, no extension under IRS §301.7609-5, Suspension of periods of limitations should apply.

25. All summonses must be quashed for releasing the Petitioner's social security numbers in violation of Federal, IRS policy and privacy laws of four (4) states (AZ, CA, NY, & FL).

26. All summons must be quashed because summons:

    a. Fail to allow a reasonable time to comply;

    b. Requires disclosure of privileged or other protected matter, as no exception or waiver applies;

    c. Requires disclosure of privileged or other protected matter; and

    d. Subjects third parties to undue burden.

27. <u>Summonses are so broad they include privileged, personal, and confidential records which are irrelevant to the investigation of the Petitioner.</u> A summons which is overbroad or seeks irrelevant information is unenforceable and must be quashed. (United States v. Monumental Life Ins. Co., 440 F.3d 729 (6th Cir. 2006)). Per United States of America, Petitioner, vs. John Cox, Tax Director of BMC Software, Inc. and Subsidiaries, Respondent, 73 F. Supp. 2d 751; 1999 U.S. Dist.:

> "A summons may not be enforced when it represents an abuse of the court's process, such as when it is issued solely to harass a party, to pierce legal privileges, to pressure settlement of collateral disputes, or for any other bad faith purpose."

28. <u>Summonses fail to show why all requested records are relevant to the IRS investigation therefore must be quashed.</u> Per United States of America, Petitioner, vs. John Cox, Tax Director of BMC Software, Inc. and Subsidiaries, Respondent, 73 F. Supp. 2d 751; 1999 U.S. Dist.:

> "The court denied petitioner's motion to enforce summons and granted respondent's motion to quash, holding that the information sought by the summons was irrelevant to petitioner's audit of respondent because petitioner failed to explain how respondent's computer source code would aid in the determination of the correct compensation due respondent from its foreign affiliates."

29. <u>Summonses must be quashed as they fail to allege any specific offense by Petitioner connected with the administration or enforcement of the internal revenue laws and fails to expressly state any legitimate purpose nor does it imply a legitimate purpose.</u> While section 7602(c) of Title 26 may authorize the Secretary of the Treasury

to examine Petitioner's books and records, if any, it does so only in connection with an inquiry into any offense connected with the administration or enforcement of the internal revenue laws. The United States is prohibited by the 4th (Right to Privacy), 5th (Right not to help) and 6th (Right to know nature of accusation) Amendments.

30. <u>Summonses are overbroad and burdensome requesting information already provided to the IRS by Petitioner and third parties</u> for tax years 2007, 2008, 2009, 2010, and 2011.

31. <u>Summonses must be quashed as they qualify as a "repetitive audit" under Internal Revenue Manual 4.10.2.8.5 guidelines, seeking same documents for same "issues" previously sought on the Petitioner's audit of tax years 2003, 2004, 2005, and 2006,</u> indicating a fishing expedition by the auditor; therefore summonses were issued in bad faith, for an illegitimate purpose, unjustified, pure harassment, against the IRS no repetitive audit rule and must be quashed.

> "Judge Hall quoted from United States v. Barrett, 837 F.2d 1341, 1350-51 (5th Cir. 1988) (en banc), cert. denied, 492 U.S. 926 (1989), that "[t]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith."
>
> "Repetitive audits: Their scope is limited by Internal Revenue Manual 4.10.2.8.5. The Internal Revenue Manual states that if you are contacted by the IRS, and had a similar issue examined by them in either of the two prior years, and there was no change or a small change in the tax from the audit, the new examination will be discontinued."

32. Summons Bank of America (Exhibit "A") must be quashed for:

    a. Requesting information beyond the three (3) year audit limit for 2007.

    b. Requesting information for unaudited years, 2010 & 2011, that is irrelevant to years under audit.

        i. "This summons requires the production of records for any account(s) which Joseph J. Zajac, III has signature authority for the

       period of January 1, 2007 through date of compliance with this summons..."

   c. Being so broad it includes privileged, personal, and confidential records which are irrelevant to the investigation of the Petitioner therefore must be quashed. Furthermore summons steps far outside the bounds of a personal audit into a fishing expedition.

   d. Not identifying any alleged offense, Petitioner tax liability, nor does summons recite on its face the section of the United States Code under which it was issued.

   e. Requesting information from a previously quashed summons.

33. Summons Charles Schwab (Exhibit "B") must be quashed for:

   a. Requesting information beyond the three (3) year audit limit for 2007.

   b. Not identifying any alleged offense, Petitioner tax liability, nor does summons recite on its face the section of the United States Code under which it was issued.

   c. Being so broad it includes privileged, personal, and confidential records which are irrelevant to the investigation of the Petitioner therefore must be quashed. Furthermore summons steps far outside the bounds of a personal audit into a fishing expedition.

   d. Requesting information from a previously quashed summons.

34. Summons FIA Card Services (Exhibit "C") must be quashed for:

   a. Requesting information beyond the three (3) year audit limit for 2007.

   b. Requesting information for unaudited years, 2010 & 2011, that is irrelevant to years under audit.

      i. "This summons requires the production of records for any credit card account(s) or similar credit devices issued to the above named individual for the period of January 1, 2007 through date of compliance with this summons..."

   c. Not identifying any alleged offense, Petitioner tax liability, nor does summons recite on its face the section of the United States Code under which it was issued.

   d. Being so broad it includes privileged, personal, and confidential records which are irrelevant to the investigation of the Petitioner therefore must be

   quashed.  Furthermore summons steps far outside the bounds of a personal audit into a fishing expedition.

  e. Requesting information from a previously quashed summons.

35. A summons issued by the IRS is not self-executing therefore it must be quashed. IRS must apply to the appropriate Court, in this case the Middle District of Florida and federal courts in California, New York, and Arizona, for enforcement.  (Nero Trading LLC v. United States Dep't. of Treasury, Internal Revenue Service, 570 F.3d 1244, 1248-49 (11th Cir. 2009)).  In Nero, the Eleventh Circuit held that:

> "The Service must make a four-step prima facia showing to make a summons enforceable.  The [IRS] must show: (1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry may be relevant to the purpose; (3) that the information sought is not already within the Commissioner's possession, and (4) that the administrative steps required by the Code have been followed."
>
> Id at 1248 (citing United States v. Powell, 379 U.S. 48, 57-58 (1964).  "In so ruling, the Eleventh Circuit emphasized the IRS's required establishment of evidence prior to any enforcement.  It also emphasized that once an individual's records are sought, the Summons simultaneously "trigger[s]" an individual's corresponding right to obtain both limited discovery and a meaningful adversary hearing "in order to ascertain whether the Service issued a given summons for an improper purpose."  Id. at 1249.
>
> To that end, the Eleventh Circuit also opined that: (1) a taxpayer who normally has no knowledge of the facts, must be afforded limited discovery and an adversarial hearing through which the taxpayer may obtain facts essential to establishment of the IRS's improper purpose, and (2) improper purpose is not limited to a determination of whether the summons was issued to "conduct a criminal investigation." Id at 1250 n.4.

36. <u>All summonses must be quashed as enforcement would constitute an abuse of the court's process as previous summonses to these parties where quashed by this Court on January 3, 2012, and again on February 13, 2012.</u> (see case 2:11-cv-469-FtM-29SPC.)

"Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." (United States v. Powell, 379 U.S. at 58.)

37. All summons must be quashed as it was issued to interfere with the exercise by Petitioner of certain individual and constitutionally guaranteed Rights including the Right of Redress Before Taxes, without infringement, harassment, retribution or prior restraint (1st and 9th Amendments).

38. <u>All summonses must be quashed on the grounds summonses were issued without legal authority and does not satisfy all Administrative steps required by law</u>, and is, therefore, repugnant to and violative of Petitioner's constitutional right to due process under Article V of the Constitution.

> <u>The four factors required to make out a prima facie case for the enforcement of the Summons have not been adequately demonstrated by any sworn declaration of the issuing agent, John R. Clark, who in fact, has made no such sworn declaration.</u>
>
> "To obtain enforcement of a summons, the IRS must first establish its "good faith" by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." (United States v. Powell, 379 U.S. 48, 57-58 (1964)).

**WHEREFORE** based upon the foregoing, Petitioner moves this Court to enter an Order with prejudice: (1) recognizing the Court's jurisdiction over this matter; (2) quashing with prejudice all summonses; (3) awarding Petitioner court costs in filing & serving petition; (4) award Petitioner damages for disclosure of his social security number; (5) award Petitioner along with fees for Petitioner's time in this action and any other such awards as deemed appropriate by the Court; and (6) issue a protective order against the IRS not to further harass Petitioner.

Respectfully submitted,

Date: <u>February 27, 2012</u>                    <u>/s/ Joseph J. Zajac III</u>

                                                          Joseph J. Zajac III, Petitioner, Pro Se
                                                                  12202 Championship Circle
                                                                      Fort Myers, FL 33913
                                                                           239.560.8721

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document:

**PETITION TO QUASH THIRD PARTY SUMMONSES
with Exhibits "A," "B" & "C"
and Affidavit**

On or about February 27, 2012, was served by process server to: United States Attorney Office, 2110 First Street, Suite 3-137, Ft. Myers, Florida 33901

On or about February 27, 2012 the parties listed below were served in a postage paid certified mail wrapper with delivery confirmation, addressed as follows:

1. Attorney General Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001;

2. Ms. Danica Pylinski, Bank of America, Legal Order Processing, 5701 Horatio St, Utica, NY 13502, for: Bank of America, Attn: Legal Order Processing, 1425 NW62nd Street, Fort Lauderdale, Florida, 33309;

3. Charles Schwab & Co., Inc, Office of Corporate Counsel, 101 Montgomery Street, San Francisco, CA 94104;

4. Debbie Rascon, Legal Order Processing, FIA Card Services NA, PO Box 29961, Phoenix, AZ 85038.

5. Thomas K. Vanaskie, Trial Attorney, Tax Division, 555 4th Street NW, Room 6234, Washington, D.C. 20001; and

6. Internal Revenue Service, Attn: John R. Clark, 9450 Koger Blvd #201, SBSE Group 1607, St. Petersburg, FL 33702.

Date: <u>February 27, 2012</u>          <u>/s/ Joseph J. Zajac III</u>

Joseph J. Zajac III, Petitioner, Pro Se
12202 Championship Circle
Fort Myers, FL 33913
239.560.8721
JJZAJAC@AOL.COM