UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH J. ZAJAC, III,

                Petitioner,

vs.                        Case No.  2:12-cv-230-FtM-29UAM

UNITED STATES OF AMERICA,

                Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on a Petition to Quash Third Party Summonses (Doc. #1) and the United States' Counter-Petition to Enforce Summonses (Doc. #4).  An evidentiary hearing was held on June 20, 2013, at which the Court heard testimony from Internal Revenue Service (IRS) Revenue Agent John Clark (Revenue Agent Clark), received exhibits, and heard argument from petitioner and respondent's counsel.  For the reasons set forth below, the Petition to Quash Third Party Summons is denied and the Counter Petition to Enforce Summonses is granted in part, as limited below.

**I.**

Some history is required to understand the current posture of this case.  Petitioner Joseph J. Zajac, III (petitioner or Zajac) has filed several petitions to quash prior summonses, as summarized below.

**A. Case No. 2:10-mc-22-FTM-29SPC**

On November 29, 2010, petitioner filed a Petition to Quash Summons (Doc. #1) seeking to quash a Summons (Doc. #1-1, Exh. A) issued by IRS Revenue Agent Clark on or about November 19, 2010, which sought the production of documents for tax years ending 2007 and 2008.  On November 30, 2010, a magistrate judge denied plaintiff's Petition to Quash Summons, and the case was closed with no further action.  Petitioner did not comply with the Summons.

**B. Case No. 2:11-mc-4-29PSC**

On or about February 3, 2011, Revenue Agent Clark issued two Summonses to the Bank of America for tax years 2007, 2008, and 2009 (Doc. #1, pp. 14-15, Exhs. B, C), and Summonses to Charles Schwab & Co., Inc. and RBS Card Services for the same tax years.  (Id., pp. 16, Exhs. D, E.)  See also Petitioner's Exh. 1, Summons #4-Summons #7.  On February 14, 2011, petitioner filed a Petition to Quash (Doc. #1) these four Third Party Summonses.  The United States filed a Response in Opposition to Petition to Quash Third Party Summonses and Counter-Petition to Enforce Summonses (Doc. #2).  The United States asserted a lack of jurisdiction over the United States because of a failure to properly serve the Petition, but also addressed the merits, attaching the Declaration of Revenue Agent Clark (Doc. #2-1).  The case was transferred to the civil docket and assigned case number 2:11-cv-469-FTM-29SPC for all further proceedings.

**C. Case No. 2:11-CV-469-FTM-29SPC**

On September 21, 2011, the Court issued an Opinion and Order (Doc. #10-1) dismissing Joseph J. Zajac, III's Petition to Quash Third Party Summonses because of improper service of process, and dismissing the government's Counter-Petition to Enforce Summons as moot.  Thereafter, petitioner executed service of process on the government.  The United States filed a Response in Opposition to Petition to Quash Third Party Summonses (Doc. #18) incorporating its prior arguments but stating that it was no longer seeking enforcement of the summonses.

On November 15, 2011, petitioner filed a Motion to Grant Leave (Doc. #19) to add two additional summonses to the Petition to Quash - a summons served on Bank of America on October 28, 2011, see Petitioner's Exh. 1, Summons #9, and a summons served on FIA Card Services, N.A. on February 25, 2011[1], Doc.#21-2, Exh. A.  The United States filed a Response (Doc. #21) and attached a Supplemental Declaration of John Clark (Doc. #21-1) indicating that the Bank of America had produced documents responsive to the February 3, 2011, summons, but that the documents were placed in a locked file cabinet while the Petition to Quash was pending and were not accessible to him.  Revenue Agent Clark further confirmed that an administrative summons was issued on February 25, 2011 to

---

[1]The Supplemental Declaration of Revenue Agent Clark provides that the summons was sent by certified mail and Zajac acknowledged receipt of same.  (Doc. #21-1, ¶ 5.)

FIA Card Services, Petitioner's Exh. 1, Summons #8, but that FIA Card Services, N.A. failed to produce documents because they lost the original summons and a copy was subsequently provided by facsimile.  Revenue Agent Clark stated that the second October 28, 2011 summons was served on Bank of America on November 1, 2011, in furtherance of his investigation. (Doc. #21-2, p. 6.)  On December 20, 2011, the Court issued an Opinion and Order (Doc. #23-1) granting petitioner's motion to add the Bank of America summons and denying the motion to add the FIA Card Services, N.A. summons.

On January 3, 2012, finding no Amended Petition to Quash filed, the Court denied the original Petition to Quash Third Party Summonses as moot because enforcement was no longer being sought, and directed the Clerk to enter judgment dismissing the Petition as moot.  (Doc. #24.)  Judgment (Doc. #25) was issued the next day.

On January 26, 2012, upon consideration of petitioner's Motion for Clarification and Reconsideration of Court Order Dated January 3, 2012 (Doc. #26), the Court issued an Order to Show Cause (Doc. #29) stating that "[n]o decision was rendered on the merits because the United States stated it did not seek enforcement of the summonses", and directing the government and Revenue Agent John Clark to appear before the undersigned to show cause why they should not be held in contempt for telling the Court the government did not seek enforcement of the summonses and then seeking to enforce the summonses.  (Doc. #26, p. 3.)

-4-

After a hearing, the Court issued an Order (Doc. #34) on February 13, 2012, rescinding the Order to Show Cause, concluding that no contemptuous conduct was intended, and clarifying "that there should be no compliance with the summonses at issue in this case by the third parties." (Doc. #34, p. 2.) Petitioner was permitted to file a motion if he believed he was entitled to further relief, but the case would remain closed pursuant to the January 3, 2012 Order (Doc. #24).

Petitioner then filed an Amended Motion for Relief (Doc. #45). In response, the government filed a Memorandum in Opposition (Doc. #47) stating that an investigation was initiated based on the allegations of petitioner that Revenue Agent Clark committed perjury in his Supplemental Declaration (Doc. #21-1). A Third Declaration of John Clark (Doc. #47-1) stated that Bank of America produced documents but they were stored in a locked file cabinet to which he did not have access while the Petition was pending. On October 27, 2011, Revenue Agent Clark contacted IRS agency counsel Vivian Rodriguez to determine whether petitioner revived his Petition, and she advised that the Petition was no longer pending and that Revenue Agent Clark could review the documents produced by Bank of America. Revenue Agent Clark did not consult with counsel for the United States. On November 4, 2011, when contacted by counsel for the United States in this case, Revenue Agent Clark discovered that the Petition was still pending and returned the

documents to the locked file cabinet. The documents were subsequently returned to Bank of America.

On February 6, 2013, the Court issued an Opinion and Order (Doc. #59) denying petitioner's Amended Motion for Relief (Doc. #45), denying a waiver of the statute of limitations, denying a protective order from further enforcement by the IRS, and denying damages without prejudice to proceeding in the new case or in a separate civil action against the revenue agent for damages.

**D. Case No. 2:12-mc-8-FTM-29DNF**

On or about February 14, 2012, Revenue Agent Clark issued a Summons to Bank of America, N.A. in Florida for tax years 2007, 2008, and 2009; a Summons to Charles Schwab & Co., Inc. in California for tax years 2007, 2008, and 2009; and a Summons to FIA Card Services, N.A. in Arizona for tax years 2007, 2008, and 2009. (Doc. #1-1, Exhs. A-C.)  On February 27, 2012, petitioner filed a Petition to Quash Third Party Summonses (Doc. #1) and Affidavit (Doc. #2) regarding these three summonses.  On April 23, 2012, the United States filed a Response in Opposition and Counter-Petition to Enforce Summonses (Doc. #4) based on Revenue Agent John Clark's supporting Affidavit and Declaration, and the case was transferred to the civil docket and assigned case number 2:12-cv-230-FTM-29SPC for all further proceedings.

**E. Case No. 2:12-cv-230-FTM-29CM (Current Case)**

On May 3, 2012, the Court stayed this case and the filing of a response to the Counter-Petition pending a decision on petitioner's Amended Motion for Relief in 2:11-cv-469-FTM-29SPC. That Amended Motion was decided as discussed above, the stay was lifted, and petitioner filed his Response and Opposition to Counter Petition to Enforce Summonses (Doc. #12) on February 25, 2013, seeking an evidentiary hearing regarding Revenue Agent Clark's alleged perjury in a sworn declaration.  The evidentiary hearing, focusing on petitioner's allegations of an improper purpose, was conducted on June 20, 2013.  The Court resolves the matter as set forth below.

**II.**

**A.  Current Summonses**

The summonses at issue are as follows:

**(1) Bank of America, N.A.**

Bank of America, N.A. (BOA) was served at their Fort Lauderdale location with a summons to appear or provide by mail, by March 15, 2012, the following records and information:

> This summons requires the production of records for any account(s) which Joseph J. Zajac, III (SSN) has signature authority for the period of January 1, 2007 through date of compliance with this summons.
> 1. Monthly account statements.
> 2. Copy of deposited items. For checks deposited provide front and back copy of check. For ACH or wire deposits provide documents disclosing source of funds including name of financial institution, account numbers, and routing numbers.

> 3. Copy of all withdrawals. For checks provide a copy of the cancelled check. For ACH or wire withdrawals provide destination of the funds including financial institution, account numbers, and routing numbers.

Doc. #1-1, Exh. A; Petitioner's Exh. 1, Summons #10.

**(2) Charles Schwab & Co., Inc.**

Charles Schwab & Co., Inc. (Charles Schwab) was served at their San Francisco, California location with a summons to appear or provide by mail, by March 15, 2012, the following records and information:

> For the periods specified above, please furnish all books, papers, records, or other data of the above-named individual (SSN) accounts (open or closed) whether held jointly or severally, as a trustee or fiduciary, or as a custodian, executor, guardian, or nominee including but not limited to:
> 1. Records of security transactions including all types of accounts, agreements, contracts, applications for account, signature cards. Records relating to treasury notes or certificates of deposit purchased, cash accounts, ready asset accounts, mutual fund accounts, commodity accounts, margin accounts, or other accounts.
> 2. Provide copies of checks used to make deposits. If deposits were made via ACH or wire transfer, provide the name of the financial institution and the account number.
> [3]. Records showing the dates, amounts, and purpose of all payments, including records showing a description of the securities transacted, quantity bought or sold, date of transactions, purchase or sales price, and commissions paid. [4]. Records of any other payments to the above named individual that show the date, amount, and purpose of the payment, including the checks (front and back) for such payments.

Doc. #1-1, Exh. B; Petitioner's Exh. 1, Summons #11.

### (3) FIA Card Services, N.A.

FIA Card Services, N.A. (FIA) was served at its Phoenix, Arizona location with a summons to appear or provide by mail, by March 15, 2012, the following records and information:

> This summons requires the production of records for any credit card account(s) or similar credit devices issued to the above named individual (SSN) for the period of January 1, 2007 through date of compliance with this summons, including but not limited to:
>
> 1. Payment history showing amounts, dates, and methods of repayment Provide copies of checks used to make repayments (front and back). If payments were made via an automatic withdrawal from a financial institution, provide the name of the financial institution and the account number.

Doc. #1-1, Exh. C; Petitioner's Exh. 1, Summons #12.

## B.   Jurisdiction

Section 7604(a), 26 U.S.C., provides that jurisdiction to enforce a summons under section 7602 lies in the United States district court for the district in which the summoned party "resides or is found."   Similarly, when reviewing a motion to quash, "[t]he United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."   26 U.S.C. § 7609(h)(1).   These jurisdictional requirements are satisfied in this case because all the third party entities are "found in" the Middle District of Florida and petitioner resides in the Middle District of Florida.

## C.  Enforcement of Summonses

### (1) Applicable Law

Section 7602 of the Internal Revenue Code permits the IRS to "examine any books, papers, records, or other data which may be relevant or material to" determine the correctness of a tax return or the liability of a taxpayer.  26 U.S.C. § 7602(a)(1).  The IRS may summon either the person liable for the tax or "any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for" the tax. 26 U.S.C. § 7602(a)(2).  When the Internal Revenue Service issues such an administrative summons to a third-party, it gives notice to the taxpayer, who has the right to begin proceedings to quash the summons.  26 U.S.C. § 7609(b)(2)(A).

If a summons is challenged, the IRS bears the burden to show:

> (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within the Commissioner's possession, and (4) that the administrative steps required by the Code have been followed.

Nero Trading, LLC v. U.S. Dep't of Treasury, I.R.S., 570 F.3d 1244, 1248 (11th Cir. 2009) (quoting United States v. Powell, 379 U.S. 48, 57-58 (1964))(internal quotation marks omitted).  The IRS may satisfy "its minimal burden by presenting the sworn affidavit of the Revenue Agent who issued the summons attesting to these facts." United States v. Morse, 532 F.3d 1130, 1132 (11th Cir. 2008)(citation omitted).  If the IRS makes its *prima facie* showing,

-10-

the burden shifts to the party contesting the summons to: (1) disprove one of the four elements of the *prima facie* case; or (2) convince the Court that enforcement would be an abuse of the Court's process.  <u>Nero Trading, LLC</u>, 570 F.3d at 1249.

### (2) Government's Prima Facie Case

The IRS submitted the Declaration of John Clark (Doc. #4-1), a duly commissioned Revenue Agent with the IRS.  Revenue Agent Clark states that Zajac did not comply with the summons issued in November 2010, and therefore the IRS does not possess any of the records and information sought in the summonses currently at issue. Revenue Agent Clark further states that the information sought in the summonses is relevant to Zajac's tax liabilities for the 2007, 2008, 2009 tax years because it will reveal petitioner's income and expenses for those periods.  Revenue Agent Clark also states that all administrative steps were followed, and the IRS has not made any recommendation for criminal prosecution.  The Court finds that the IRS established each prong of a *prima facie* case for enforcement of the summonses.

### (3) Petitioner Zajac's Showing

Petitioner argues that the Summonses lack specificity and are overbroad, lack reasonable cause and fail to provide a reasonable time to comply; require disclosure of privileged or protected matters; pose an undue burden on third parties; and are clearly a fishing expedition.  Petitioner also argues that the summonses are

defective because they request information outside the statute of limitations for tax year 2007; violate his privacy rights by releasing his social security number to several states; fail to identify petitioner's tax liability or an offense; violate his Fifth Amendment due process rights; request information from previously quashed summonses; and are intended to simply harass petitioner.

### (a) Overbreadth, Reasonable Time For Compliance, Undue Burden

Petitioner Zajac argues that the summonses are overbroad and lack specificity, fail to provide a reasonable time to comply, and impose an undue burden on the third parties. Petitioner lacks standing to raise these issues, which may only be asserted by the party being summoned. Miccosukee Tribe of Indians of Fla. v. United States, 698 F.3d 1326, 1332 (11th Cir. 2012)(taxpayer lacks standing to challenge a third-party summons as overbroad). None of the parties who were summoned asserted any such claims, and Zajac's objections to the summonses on these grounds are overruled.

### (b) Relevancy

A taxpayer may, however, challenge a summons issued to a third party on relevancy grounds. Miccosukee Tribe of Indians of Fla. v. United States, 698 F.3d at 1332. The burden of showing relevance is light, and if the information sought by an IRS summons "might throw light upon the correctness of the taxpayer's return", the information is relevant. La Mura v. United States, 765 F.2d 974,

981 (11th Cir. 1985)(citations omitted).  <u>See also</u> <u>In re Newton</u>, 718 F.2d 1015, 1019-20 (11th Cir. 1983)

The Court finds that the documents sought by the summonses are relevant, although the court will limit the time period.  The summonses sought documents through the date of production, which will now be several years after the tax years at issue.  The Court will limit enforcement to documents in existence on or before December 31, 2010.

### (c) Reasonable Cause for Records

The IRS is not required to first demonstrate that petitioner owes taxes.  <u>United States v. McAnlis</u>, 721 F.2d 334, 336 (11th Cir. 1983) ("The IRS, moreover, is not required to establish tax liability prior to issuance of a summons.").  If the documents are relevant, as they are here, and not already in the possession of the IRS, as is also the case here, no further cause is required.

### (d) Due Process

The Court also finds no violation of Zajac's Fifth Amendment right to due process.  Procedures were in place allowing Zajac to come before the Court and seek to quash the summonses, and petitioner took advantage of those procedures.  No further process is required.

### (e) Statute of Limitations

Petitioner's argument that the statute of limitations expired and the summonses request information outside the three year

statute of limitations is without merit. The statute of limitations was suspended upon the filing of the Petition to Quash, and remains stayed during the pendency of these proceedings. See 26 U.S.C. § 7609(e)(1).

**(f) Privacy Rights**

The Court finds that the disclosure of Zajac's social security number to the third-parties in connection with the summons did not violate the law or preclude enforcement of the summonses. A person's social security number is used as the identifying number for an individual under the Internal Revenue Code. 26 U.S.C. § 6109(d). This identifying number may be disclosed by a revenue officer or other employee of the IRS for investigative purposes "to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title." 26 U.S.C. § 6103(k)(6). Revenue Agent Clark disclosed Zajac's social security number to the three financial institutions in order to retrieve the information pertaining to Zajac's accounts.

Zajac also argues that the disclosure violated the state laws of California, Arizona, New York, and Florida. However § 6103 explicitly authorizes the disclosure, and preempts contrary state

statutes.  Therefore this argument is rejected as a basis to quash the summonses.

Zajac further argues that the release of his social security violates the Privacy Act of 1974, 5 U.S.C. § 552a et seq. Compliance with the Privacy Act is not a prerequisite to enforcement proceedings.  United States v. McAnlis, 721 F.2d 334, 337 (11th Cir. 1983).  The Internal Revenue Code, however, explicitly exempts the determination of liability from the Privacy Act of 1974.  See 26 U.S.C. § 7852(e).

Zajac also argues that the release violates the E-Government Act of 2002.  However, this act does not provide for any private cause of action and disclosure under Section 6103 of the Internal Revenue Code is exempt under the Act.  See Federal Information Security Management Act of 2002, Pub. L. No. 107-347, § 504(h), 116 Stat. 2962 (2002).  The Office of Management and Budget memoranda and the implementation of a Social Security Number Elimination and Reduction Plan to address privacy and security safeguards provide no basis for a private cause of action and otherwise have no bearing on the enforcement of the summonses in this case.

The Social Security Number Protection Act of 2010, effective three years after the date of enactment, has no currently effective sections and applies to the prohibition of using social security account numbers on checks issued for payment by government agencies.  Pub. L. No. 111-318, 124 Stat. 3455 (Dec. 18, 2010).

Zajac also argues that the documents sought may contain privileged or protected documents.  Petitioner does not indicate what privilege he is asserting, and none is apparent from the face of the summonses.  This argument is also rejected.

**(g) Improper Purpose**

The Court did not quash the previously issued summonses, and the re-issuance of summonses does not make this a repetitive audit. In the previous case, the Court found that the IRS was no longer seeking enforcement and therefore the Petition to quash was denied as moot.  There has been no compliance by the financial institutions, or by the taxpayer, with the summonses.  The Court finds that the issuance of the summonses was not for purposes of harassment, and there would be no abuse of process if the documents are produced.

Much of the testimony elicited by Zajac from Revenue Agent Clark at the evidentiary hearing was with regard to correspondence between Zajac and Clark.  Zajac's July 26, 2010, letter was addressed to Leigh Keaton at the Internal Revenue Service Center in Deerfield Beach, Florida, seeking to have Zajac's case transferred to the Fort Myers office. (Petitioner's Exh. 8.)  Zajac's October 5, 2010, letter was addressed to Revenue Agent Clark stating that he believed "the IRS is harassing me with these repeated audits" and declining to discuss his 2007 and 2008 returns. (Id.)  Zajac's October 18, 2010, letter to Revenue Agent Clark was for the purpose

of changing the meeting date and time to discuss his 2008 return only to a date and time convenient to Zajac. (Id.) Zajac's November 12, 2010, letter to Revenue Agent Clark indicated that since he had failed to receive confirmation from Revenue Agent Clark on the new meeting date of November 19, 2010, it was cancelled. (Id.) Zajac's December 13, 2010, letter acknowledged Revenue Agent Clark's December 3, 2010, request as a "burdensome repetitive audit documentation request harassment letter." (Id.) At the hearing, Revenue Agent Clark stated that there was no scheduled meeting because it was not scheduled or agreed to by the IRS.

Zajac further questioned Revenue Agent Clark with regard to the service of the summonses and why certain third-parties were summoned. The elicited testimony does not provide a basis to quash the summonses as the third parties have not indicated that service of process was inadequate.

Revenue Agent Clark testified to opening up a letter from the Bank of America, in which BOA stated that it was refusing service of Summons #5 because Bank of America does not provide credit card services. The letter otherwise provided no information as to whether Zajac maintained any accounts with Bank of America. Summons #4 and #5 were issued on February 3, 2011, and the subject of the prior case wherein the IRS declined to enforce the summonses.

-17-

Zajac elicited testimony that Revenue Agent Clark opened and looked at information from the Bank of America containing account information, and considered the information in issuing the subsequent summons to Bank of America in this case. Revenue Agent Clark testified that he understood or believed that the prior Petition to Quash had been cured when he looked at the records. Revenue Agent Clark's Third Declaration (2:11-cv-469, Doc. #47-1, ¶¶ 4, 6) confirms that the documents responsive to the February 3, 2011 summons were reviewed, but later returned to Bank of America without retaining copies. Revenue Agent Clark told IRS counsel, but not Department of Justice counsel in this case, that Bank of America had contacted him requesting the return of the records, and IRS counsel did not state or confirm that the Petition for Quash was still pending. At the hearing, on cross-examination, Revenue Agent Clark clarified that the current Summons issued to Bank of America, N.A., and subject of the cross-motion to enforce, does not contain any of the information that he previously reviewed in late October 2011, and no responsive documents have been produced. (See also id., Doc. #47-1, ¶¶ 7-8.)

Even if Revenue Agent reviewed the information contained in records produced by Bank of America, N.A. while the Petition to Quash was pending and prior to the issuance of the February 14, 2012, summons, the Court finds no prejudice or constitutional violation and that the sanction of quashing the summonses is not

warranted.  E.g., United States v. Bank of Moulton, 614 F.2d 1063, 1065-66 (5th Cir. 1980)[2]; Azis v. IRS, 522 F. App'x 770, 777 (11th Cir. 2013).  The administrative summonses were re-issued, and production in compliance with summonses will produce the same records regardless of what information may have been viewed by Revenue Agent Clark.  The Court previously found no bad faith by the United States, and the Court finds the testimony failed to support the Petition to Quash the summonses.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Petition to Quash Third Party Summonses (Doc. #1) is **DENIED.**

2.  The government's Counter-Petition to Enforce Summonses (Doc. #4) is **GRANTED IN PART AND DENIED IN PART.**  The Summonses issued to Bank of America, N.A., Charles Schwab & Co., Inc., and FIA Card Services, N.A. on or about February 14, 2012, may be enforced limited to documents in existence as of December 31, 2010.  The third-parties shall comply with the summonses to provide the requested information for the periods in question, years ended December 31, 2007, December 31, 2008, and December 31, 2009, only through a date not exceeding December 31, 2010.

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3.    The  Clerk  shall  terminate  all  pending  motions  and deadlines and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of June, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Joseph J. Zajac, III
Counsel of record